IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LAURA L. WISCOMBE, )
)
Plaintiff, )
)
v. ) Case No. CIV-10-594-W
)
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Ms. Laura Wiscombe applied for supplemental security income and insurance benefits based on a disability which had allegedly begun on July 1, 2007.[1] The agency initially rejected the claim in its entirety,[2] but an administrative law judge later concluded that the Plaintiff had become disabled as of August 5, 2008.[3] The Plaintiff appealed the portion of the decision which had denied relief through August 4, 2008, but the Appeals Council declined jurisdiction. Record at pp. 1-3. Ms. Wiscombe then initiated the present action and alleged errors in the consideration of a treating physician's opinion, the assessment of

---

[1] For documentation of the application for insurance benefits, see Administrative Record at pp. 138-42 (certified July 6, 2010) ("Record"). The record does not contain the application or related documents for the claim involving supplemental security income.

[2] Record at pp. 80-81.

[3] Record at pp. 15-27.

residual functional capacity, the analysis at step five, and the evaluation of credibility. The Court should affirm the administrative decision to deny benefits before August 5, 2008.

## I. STANDARD OF REVIEW

The Court's review entails only a determination of whether the administrative decision is based on substantial evidence and the correct legal standard. *See Emory v. Sullivan*, 936 F.2d 1092, 1093 (10th Cir. 1991). Evidence is substantial if it is greater than a scintilla. *See Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). If the agency's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). However, a court may not reweigh the evidence or substitute its judgment for that of the Social Security Administration. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1498 (10th Cir. 1992).

## II. THE PLAINTIFF'S CHALLENGES TO THE AGENCY'S CONSIDERATION OF DR. LOPEZ'S "OPINIONS"

Ms. Wiscombe claims error in the administrative law judge's consideration of Dr. Pedro Lopez's opinions. This challenge should be rejected.

### A. Opinion Evidence by Dr. Lopez

Dr. Lopez treated the Plaintiff between 2007 and 2009.[4] During this period, Dr. Lopez expressed numerous opinions in the form of progress notes, diagnoses, a finding of

---

[4] *See* Record at pp. 226, 229-30, 239-40, 261, 332, 392, 395, 399, 404-407, 414-15, 418-21, 443-44, 451, 466, 468, 473, 481, 487-89, 497-501, 503, 506, 510, 514-15, 527-29, 534-35, 537-39, 552-58, 568, 572, 579, 584-89; *see also infra* p. 7 n.9.

disability on August 5, 2008, and a questionnaire on the claimant's residual functional capacity.

B.    The Administrative Law Judge's Consideration of Dr. Lopez's Opinions and Assessment of Residual Functional Capacity

The administrative law judge acknowledged Dr. Lopez's diagnoses of ankylosing spondylitis, peripheral vascular disease, chronic back pain, osteoarthritis, and neck spasms. Record at pp. 20-21. The judge also specifically discussed Dr. Lopez's opinions that Ms. Wiscombe:

- could not lift heavy objects, could only occasionally lift or carry items weighing ten pounds, and could frequently lift or carry items weighing less than ten pounds,

- was permanently disabled,

- could sit and/or stand for only 30 minutes at a time, for a total of less than 2 hours during an 8-hour workday,

- could walk ½ of a block,

- suffered enough pain to constantly interfere with attention and concentration,

- suffered a severe ability to deal with work stress,

- needed to take unscheduled work breaks every 15 to 30 minutes, lasting for 20 to 30 minutes each,

- needed to elevate her legs above a 45-degree angle for 80% of the workday,

- required a cane or other assistive device while engaging in occasional standing or walking,

- would likely need to miss work more than 3 times per month, and

- could spend no more than 25% of the workday grasping, twisting or turning with hands, manipulating objects with fingers, reaching with arms, bending, and twisting.

*Id.* at p. 24; *see id.* at pp. 466, 497-501.

Following the summary, the administrative law judge provided the following analysis:

The undersigned notes that Dr. Lopez relates these exertional and non-exertional functional limitations back to June 28, 2007. However, as per the testimony of the claimant, as well as the treatment notes in the record, Dr. Lopez did not examine the claimant for over a year after that date and did not impose any limitations or restrictions upon the claimant until August 2008. Considering the evidence of record, including the allegations of the claimant, the undersigned finds that the doctor's July 2009 opinion is given weight only as of the date of his initial finding of disability, August 5, 2008. Considering the evidence of record, including the allegations of the claimant, the undersigned finds that Dr. Lopez' findings are not consistent with the evidence of record discussed above, particularly the findings of the State agency physicians, as well as the MRI results, Doppler results, CT results, and X-ray results prior to August 2008.

*Id.* at pp. 24-25.

The administrative law judge ultimately found that the Plaintiff was disabled and entitled to benefits beginning August 5, 2008. *Id.* at pp. 23-24, 26-27; *see supra* p. 1. But for the period between July 1, 2007, and August 4, 2008, the judge concluded that the Plaintiff had not been disabled. Record at p. 22.

C.    Application of the "Treating Source Rule"

In her first proposition of error, Ms. Wiscombe alleges that the agency had failed to follow the "treating source rule" with regard to Dr. Lopez's opinions. According to the Plaintiff, the administrative law judge failed to determine whether Dr. Lopez had qualified

as a "treating physician," to identify the weight accorded to his opinion, to state which portions were rejected, and to explain the rejection of those parts of the doctor's opinions. Opening Brief of Plaintiff, Laura Wiscombe at pp. 8-9 (Nov. 9, 2010) ("Plaintiff's Brief"). The Court should reject all of the Plaintiff's challenges involving the administrative law judge's analysis of Dr. Lopez's opinions.

D.      Evaluation of a Treating Physician's Opinions

When addressing a treating source's opinion, the administrative law judge must decide whether to give it controlling weight. *See Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (*per curiam*). This evaluation entails a determination of whether the opinions are "'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id.* (citation omitted). If not, the administrative law judge can decline to give controlling weight to the opinions. *See id.* At that point, the judge must weigh the evidence and "give good reasons" for the impact assigned to the opinions. *Id.* If the judge completely rejects the opinions, he must give "'specific, legitimate reasons.'" *Id.* (citation omitted).

Even if the reporting physician is not considered a "treating source," the administrative law judge can only reject a medical opinion by weighing it under a variety of factors[5] and providing "specific legitimate reasons." *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003).

---

[5]      *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).

E.    Dr. Lopez's Status as a Treating Physician

Ms. Wiscombe initially argues that "the [administrative law judge] [had] failed to make a finding as to whether in the first instance, Dr. Lopez was a treating physician pursuant to 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2)."  Plaintiff's Brief at p. 9; *see supra* pp. 4-5.  This argument is facially invalid, as the statutes and regulations do not require an agency to state which physicians are "treating sources."  *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

F.    The Administrative Law Judge's Evaluation of the Opinions Expressed in Dr. Lopez's Questionnaire

As noted above, some of Dr. Lopez's opinions were expressed in a questionnaire.  *See supra* pp. 2-3.  Ms. Wiscombe challenges the administrative law judge's decision to reject some of the limitations stated there.  Plaintiff's Brief at p. 10.  This claim is without merit.

The administrative law judge credited the findings in Dr. Lopez's questionnaire as of August 5, 2008, the date that the physician had concluded that Ms. Wiscombe was disabled. Record at p. 24.  Prior to that date, the judge had discredited the allegations.  *Id.* at pp. 24-25. In doing so, the judge supplied three explanations:

- The physician did not examine the Plaintiff between June 28, 2007, and June 28, 2008;[6]

- the physician did not impose any limitations on the Plaintiff until August 2008; and

---

[6]    *See infra* p. 7 n.9.

- Dr. Lopez's findings were inconsistent with findings by State agency physicians and other diagnostic tests prior to August 5, 2008.

*Id.* These explanations were specific,[7] and the Plaintiff does not challenge the sufficiency of the evidence for the rationales.[8]  As a result, the Court should reject the Plaintiff's challenge involving the judge's discussion of the limitations outlined in the questionnaire.[9]

G.     Ms. Wiscombe's Remaining Challenges to the Administrative Law Judge's Analysis of Dr. Lopez's Opinions

Ms. Wiscombe states, as a general proposition, that the administrative law judge had inadequately discussed Dr. Lopez's opinions.  Plaintiff's Brief at pp. 8-9.  But the Plaintiff failed to identify any specific opinions apart from those in the questionnaire.  Without knowing which opinions were involved, the Court cannot engage in meaningful review over

---

[7]     *See* 20 C.F.R. §§ 404.1527(d), 416.927(d) (noting that in the evaluation of medical opinions, the administrative law judge should consider factors such as the length of the treatment relationship, the frequency of examination, the supportability, and the consistency).

[8]     *See* Plaintiff's Brief at p. 10 ("the [administrative law judge] must give specific reasons tied to the evidence of record as to whether the treating physicians [sic] opinion is accorded controlling weight").

[9]     The administrative law judge apparently made a factual error in his written decision.  He stated that Dr. Lopez had not examined the Plaintiff between June 28, 2007, and June 28, 2008.  *See supra* p. 4 (quoting Record at pp. 24-25).  The administrative record contains multiple references to examinations by Dr. Lopez during this time-period.  *See* Record at p. 535 (examination on Nov. 15, 2007); *id.* at pp. 230, 419, 529 (examination on Dec. 17, 2007); *id.* at pp. 414, 524 (examination on Jan. 7, 2008); *id.* at pp. 405, 515 (examination on Feb. 8, 2008); *id.* at p. 506 (examination on Mar. 26, 2008); *id.* at pp. 392, 503 (examination on May 7, 2008).  But the Plaintiff does not challenge the accuracy of the judge's statement or the sufficiency of evidence for his rationale.  *See supra* p. 7 & n.8.

the Plaintiff's argument. In these circumstances, the Court should confine consideration of the claim to Dr. Lopez's opinions in the questionnaire.[10]

III. THE PLAINTIFF'S CHALLENGES TO THE AGENCY'S ASSESSMENT OF PHYSICAL CAPACITY

In her second proposition of error, Ms. Wiscombe alleges error in the administrative law judge's findings on residual functional capacity. *Id.* at pp. 11-12. The Court should reject the Plaintiff's arguments in this proposition.

A. The Administrative Law Judge's Residual Functional Capacity Assessment

The administrative law judge made the following residual functional capacity assessment:

> [P]rior to August 5, 2008, the date the claimant became disabled, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never climb ropes, ladders, or scaffolds; and sit for up to thirty (30) minutes at a time before having to stand at her workstation for less than five (5) minutes.

Record at p. 22; *see infra* p. 11. The judge concluded that this assessment was supported by the findings from the State agency physicians and the claimant's admitted activities. Record at p. 23.

---

[10] *See Brock v. Astrue*, 244 Fed. Appx. 175, 179-80 & n.1 (10th Cir. June 21, 2007) (unpublished op.) (rejecting a claim involving failure to consider opinions by two doctors in part because of the failure to identify any specific medical opinion on functional limitations that had been disregarded by the administrative law judge); *see also Hollon v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006) (rejecting a claim involving a failure to defer to opinions by treating physicians because of the plaintiff's failure "to cite any specific opinion that the [administrative law judge] purportedly disregarded or discounted" (footnote omitted)).

B.    The Plaintiff's Arguments

Ms. Wiscombe challenges the judge's assessment as legally improper and unsupported by the record.  Plaintiff's Brief at pp. 11-12.  According to Ms. Wiscombe, the errors affected the vocational expert's testimony.  *Id.* at pp. 12-13.  These arguments are not persuasive.

C.    Sufficiency of the Agency's Assessment of Residual Functional Capacity

The administrative law judge stated that his assessment of physical capacity was "supported by the findings from the State agency physicians."  *See supra* p. 8.  The Plaintiff challenges this statement, arguing that the State agency physicians had found an ability to perform "light" work and that this finding conflicted with the ultimate restriction to sedentary work.  Plaintiff's Brief at pp. 11-12.  The Plaintiff urges: (1) legal error through the administrative law judge's failure to explain his departure from the opinions by the State agency physicians, and (2) invalidation of the judge's rationale because of this conflict, leaving "only the [administrative law judge's] 'findings'" as support for themselves.  *Id.* at p. 12.  The Court should reject these arguments.

The administrative law judge acknowledged the agency physicians' findings that the Plaintiff could perform a full range of "light" work.  Record at p. 22.  The judge also recognized the obvious conflict between this assessment and his own.  *See supra* p. 8.  But the judge provided an adequate explanation:

> As noted above, Drs. Fiegal and Mungal opined that the claimant could perform essentially a full range of "light" work, as defined by the Regulations. While the undersigned has strongly considered their opinions, the undersigned is satisfied that the evidence of record, including the testimony of the claimant, establishes that the claimant cannot perform the "good deal" of standing and

walking necessary to perform sustained work activity at the "light" level of
physical exertion, as defined by the Regulations.

Record at p. 22 (citation & footnote omitted). In light of this explanation, the Court should

reject the claim involving a discrepancy between the agency doctors' opinions and the

findings by the administrative law judge. The judge explained his thought-process for

resolving the discrepancy, and the Plaintiff gives no reason to question that explanation.

As noted above, the Plaintiff also suggests that the administrative law judge's

rationale was circular, relying on his own findings as the sole evidentiary support for his own

physical assessment of the Plaintiff. *See supra* p. 9. This argument is facially invalid, as the

judge stated that he was relying on the claimant's testimony and the opinions by the agency

physicians. *See supra* p. 8. Thus, the judge's explanation was not circular, as the Plaintiff

has suggested.

D.  Omission of Limitations Identified by Dr. Lopez

Ms. Wiscombe also alleges error in the administrative law judge's physical

assessment, which had omitted some of the limitations outlined by Dr. Lopez. Plaintiff's

Brief at pp. 10, 12. This challenge is also invalid.

The Plaintiff argues: "If the [administrative law judge's] [residual functional

capacity] had properly included all of Dr. Lopez' limitations concerning the Claimant's

[residual functional capacity], it is clear that the Claimant would be unable to engage in any

substantial gainful activity even at a sedentary unskilled level prior to August 5, 2008." *Id.*

at p. 12. As discussed above, the administrative law judge considered Dr. Lopez's report and

adequately explained the decision to reject the opinions prior to August 5, 2008. *See supra* pp. 6-7. The Court cannot reweigh the administrative law judge's factual finding with respect to Dr. Lopez's opinion. *See supra* p. 2. Instead, the Court must simply determine whether there was substantial evidence for the physical findings. *See supra* p. 2. There was.

Dr. Lopez assessed physical limitations involving the ability to walk, sit, stand, and lift. Record at pp. 498-500.

The administrative law judge found that before August 5, 2008, the Plaintiff could perform sedentary work with limitations involving the ability to sit for up to 30 minutes at a time before having to stand at her workstation for less than 5 minutes. *See supra* p. 8.

"Sedentary" work normally requires an ability to:

- stand or walk up to 2 hours per day,[11]

- "remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals,"[12] and

- lift at least 10 pounds.[13]

---

[11]     *See* Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 6 (July 2, 1996) ("The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8-hour workday.").

[12]     Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 6 (July 2, 1996).

[13]     *See* Social Security Ruling 96-9p, *Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work - Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work*, 1996 WL 374185, Westlaw op. at 6 (July 2, 1996) (stating that the occupational base for unskilled sedentary jobs would be eroded if the claimant could not lift

An agency physician, Dr. Thurma Fiegel, opined that the Plaintiff:

- could stand or walk up to 6 hours during a normal 8-hour workday, with normal breaks,

- could sit up to 6 hours during a normal 8-hour workday, with normal breaks, and

- could lift at least 10 pounds.

Record at p. 370.

At the administrative hearing, the Plaintiff testified that beginning in the summer of 2008, she would need to rearrange her seated position every 30 to 40 minutes due to pain in her lower back. *Id.* at p. 58. Together, the Plaintiff's testimony and Dr. Fiegel's opinion provided adequate evidentiary support for the administrative law judge's findings on the ability to stand, walk, sit, and lift. *See supra* pp. 9-11. Although Dr. Lopez would have found greater limitations, the administrative law judge was entitled to weigh the evidence as he did.

IV. THE PLAINTIFF'S CHALLENGES TO THE AGENCY'S ANALYSIS AT STEP FIVE

At step five, the administrative law judge concluded that the Plaintiff was not disabled because she could perform work existing in the national economy. Record at pp. 26-27. The judge's conclusion was based on his adoption of testimony by a vocational expert regarding particular jobs that he believed Ms. Wiscombe could perform. *Id.* at p. 26. According to the

---

ten pounds); *see also* Record at p. 14 (stating that "sedentary" work involves lifting and carrying no more than ten pounds at a time).

Plaintiff, the step five determination lacked substantial evidence because it had been based on the vocational expert's answer to a faulty hypothetical question. Plaintiff's Brief at pp. 12-13.

According to the Plaintiff, she suffered from spinal problems, ankylosing spondylosis, and peripheral arterial disease. *Id.* at pp. 1-4, 9, 12. Ms. Wiscombe contends that the administrative law judge had failed to account for these conditions in the hypothetical question posed to the vocational expert. *Id.* at pp. 12-13. As a result, the Plaintiff challenges the judge's ability to rely on the vocational expert's testimony. *Id.* at p. 13. The Court should reject this argument.

Although the Plaintiff complains of back problems, ankylosing spondylosis, and peripheral arterial disease, she does not:

- explain how these conditions had affected her or

- identify the related limitations that should have been included in the hypothetical.

The hypothetical question included limitations which had reflected the judge's eventual assessment of residual functional capacity. *Compare* Record at pp. 62-63 (hypothetical question), *with id.* at p. 22 (findings).

This assessment and the hypothetical included limitations in the Plaintiff's abilities to sit, stand, climb, kneel, stoop, balance, crouch, and crawl. *See id.* at p. 22. Arguably, these limitations could have accounted for problems involving the back ailments, ankylosing spondylosis, and peripheral arterial disease. But even if the judge's findings and hypothetical

had not adequately covered the limitations, Ms. Wiscombe has not identified the restrictions allegedly omitted. Her failure to develop the argument would require speculation about the possibility of other limitations, and this sort of conjecture cannot serve as the basis for reversal. *See supra* pp. 7-8 & n.10.

## V. THE PLAINTIFF'S CHALLENGES TO THE AGENCY'S CREDIBILITY ANALYSIS

The Plaintiff alleges error in the administrative law judge's credibility assessment, arguing that the judge had "failed to identify the testimony that he disbelieved and the reasons behind his assessment of the allegations." Plaintiff's Brief at p. 15. The Court should uphold the administrative law judge's assessment of credibility.

### A.  The Plaintiff's Challenge and the Duty to Assess Credibility

The Plaintiff's challenge to the credibility assessment centers on her alleged difficulty in sitting. *See id.* at pp. 15-16. Based on the Plaintiff's allegations, the administrative law judge had to decide whether he believed the complaints.[14] In doing so, the judge had to "give specific reasons for the weight given to the individual's statements."[15] These reasons were to be "articulated in the determination or decision" and "be sufficiently specific to make clear

---

[14]     *See Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987); Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI:  Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 1-2 (July 2, 1996).

[15]     Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI:  Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight."[16]

B.    The Administrative Law Judge's Analysis

The judge recited the standard for evaluation of credibility and summarized the Plaintiff's testimony regarding her activities  beginning in the "Summer of 2008."  Record at p. 23.  One of the activities concerned the Plaintiff's ability to sit for 30 minutes at a time. *See id.*  Following the summary, the judge concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible prior to August 5, 2008, to the extent they are inconsistent with the residual functional capacity assessment.

*Id.*  According to the Plaintiff, the administrative law judge failed to explain his assessment of Ms. Wiscombe's complaints about her ability to sit.  Plaintiff's Brief at pp. 15-16.  The Plaintiff is mistaken.

At the hearing, the Plaintiff testified that although she had allegedly became disabled in July 2007, her condition gradually declined over the next two years.  Record at p. 55.  But the Plaintiff stated that in the summer of 2008, she could still sit at a movie in one position for 30 to 40 minutes before she would need to rearrange her seating.  *Id.* at p. 58. Thus, based on her own admission regarding the decline of her condition, she presumably would have

---

[16]    Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI:  Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996).

been able to sit for even longer periods prior to the summer of 2008. Nonetheless, the judge's physical assessment - which spanned from July 2007 to August 4, 2008 - accommodated a need to stand or move every 30 minutes. *See id.* at p. 22.

The Plaintiff notes that according to one treating doctor, Ms. Wiscombe would need to elevate her feet for 80% of the time while working in a sedentary job. Plaintiff's Brief at p. 15. Ms. Wiscombe's mention of this opinion presumably reflects a belief that the credibility assessment should have addressed this limitation. But this opinion had appeared in Dr. Lopez's questionnaire in July 2009. Record at pp. 500-501. As discussed above, the judge explained his reasons for discounting that assessment. *See supra* pp. 6-7.

The judge:

- summarized the Plaintiff's testimony concerning her need to break from sitting every 30 minutes and

- explained that Ms. Wiscombe's statements were credible to the extent that they were consistent with his physical findings.

*See supra* pp. 15-16. In these ways, the judge credited the Plaintiff's statements regarding her ability to sit. As a result, the Court should reject the Plaintiff's claim regarding her alleged sitting limitation prior to August 5, 2008.

## VI.    RECOMMENDED RULING

The Court should affirm the administrative determination that Ms. Wiscombe was not disabled before August 5, 2008.

## VII.    NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.  *See* 28 U.S.C. § 636(b)(1) (2009 supp.).  The deadline for objections is June 9, 2011.  *See* 28 U.S.C. § 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(d), 72(b)(2).  The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[17]

## VIII.   STATUS OF THE REFERRAL

The referral is discharged.

Entered this 23rd day of May, 2011.

Robert E. Bacharach
United States Magistrate Judge

---

[17]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").